IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS MIDLAND-
ODESSA DIVISION

| | | |
|---|---|---|
| FRANK LONGORIA GARCIA | § | |
| | § | |
| VS. | § | |
| | § | CAUSE NO. 7:20-CV-00295 |
| ECTOR COUNTY SHERIFF MIKE | § | |
| GRIFFIS, ECTOR COUNTY LAW | § | |
| ENFORCEMENT CENTER (JAIL) | § | |

**DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Mike Griffis and Ector County, Texas, incorrectly named Ector County Law Enforcement Center (Jail) (collectively "Defendants") and file this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the support hereof, Defendants would respectfully show the Court as follows:

**I.
MOTION TO DISMISS**

The Court should dismiss Plaintiff's claims because they fail to state a claim for relief. Plaintiff's complaint that the Ector County Sheriff or "Jail" gave Plaintiff a "dog brush" for a toothbrush, provided three "cold" meals instead of his preferred hot meals, and overcharged unspecified commissary items fails to state a claim for relief. Accordingly, Defendants request that Court to dismiss these claims in their entirety.

**A.     Standards:**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must provide enough facts to state a claim for relief that is plausible on its face. *See* Fed. R. Civ. P. 12(b)(6); *Jebaco, Inc. v. Harrah's Operating Co.,* 587 F.3d 314, 318 (5th Cir. 2009). Dismissal for failure to state a claim "turns on the sufficiency of the 'factual allegations'

in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347 (2014) (per curiam)). Hence, the complaint must allege more than "labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do" and "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Courts "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted). To avoid a dismissal for failure to state a claim, "a plaintiff must plead specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) (internal quotations and citation omitted).

Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). A court is permitted, however, to rely on "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007). For example, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

**B.  Arguments and Authorities:**

  *1..  Plaintiff's Section 1983 Claims Asserted Against the Mike Griffis in his Individual Capacity Should be Dismissed.*

Plaintiff's Section 1983 against Mike Griffis should be dismissed. Plaintiff's allegations fail to state a supervisor claim against the individual Ector County Defendants. To establish liability against a supervisor, "a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the

supervisor's conduct and the constitutional violation." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). "Allegations of negligent failure to supervise do not state a claim under § 1983." *Jenkins v. Lynaugh*, 981 F.2d 1256 (5th Cir. 1992). Likewise, "[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006).

Plaintiff's allegations fail to demonstrate how Mike Griffis was personally involved in the alleged violations. The allegations also fail to establish how Mike Griffis allegedly failed to properly supervise and instruct jail staff to ensure Plaintiff basic needs were met. Plaintiff's allegations fail to state a claim as a matter of law. *See, e.g.*, *Lozano v. Smith*, 718 F.2d 756, 769 n.31 (5th Cir. 1983) ("We note that several of our decisions indicate that isolated, nonsystemic simple negligence on the part of a supervisory official does not establish a claim under section 1983." (citing cases)).

### 2. The Claims Against "Ector County Law Enforcement Center (Jail)" Should Be Dismissed Because This Defendant is a Non-Jural Entity.

Plaintiff's claims against the Ector County Law Enforcement Center (Jail) fail to state a claim for relief. *See, e.g.*, *Gutierrez v. Ector County Detention Center et al.* Cause No. 7:20-CV-00151-DC, (W.D.TX. June 30, 2020, Doc. No. 11) (dismissing the Ector County Detention Center *sua sponte* from suit). For a plaintiff to sue a county jail or a sheriff's department, those departments must enjoy a separate legal existence. *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313–14 (5th Cir. 1991). Unless the political entity that created the department, here, Ector County, Texas, has taken "explicit steps to grant the servient agency with jural authority," the departments lack the capacity to sue or to be sued. *See id.* Plaintiff's burden is to allege facts that demonstrate Ector County, Texas, granted its detention center, sheriff's department, and the administrative office within the sheriff's department, the capacity to engage in separate litigation. *Id.*

The "Ector County Law Enforcement Center (Jail)" is not a jural entity subject to suit. *See, e.g.*, *Gonzales v. Lew Sterrett Dallas County Jail*, 3:08-CV-1510-D, 2008 WL 4921428, at *2–3 (N.D. Tex. Nov. 13, 2008) (citing cases and holding "neither a county medical department nor a county sheriff's department is a jural entity that can be sued."); *Von Minden v. Jankowski*, A-06-CA-823 LY, 2007 WL 1958615, at *3 (W.D. Tex. July 3, 2007) (citing cases and dismissing Washington County Sheriff's Department and Washington County Jail as non-jural entities), *aff'd*, 268 Fed. Appx. 352 (5th Cir. 2008); *Dale v. Officer Bridges,* No. 3:96–CV–3088–AH, 1997 U.S. Dist. LEXIS 21084, at *1 n. 1, 1997 WL 810033 (N.D. Tex. Dec.22, 1997) (holding that Dallas County Jail is not a jural entity subject to suit), *aff'd*, 154 F.3d 416 (5th Cir. 1998)). Plaintiff fails to plead **any** facts demonstrating that the Ector County Sheriff's Department and the Ector County Sheriff's Administrative Office are capable of being sued. *Darby*, 939 F.2d at 313–14 (affirming dismissal of servient entity where Plaintiff failed to show the servient entity had capacity to engage in separate litigation).

There is no law, constitutional, statutory, or otherwise, that defines a jail or any unit or department therein to be a person with the capacity to sue or to be sued. A county jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale*, 1997 WL 810033, at *1 n.1 (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Dismissal is proper as to any claims asserted against the Ector County Law Enforcement Center (Jail).

### 3. *The Section 1983 Claims Asserted Against the Ector County Defendants in their Official Capacities, If Any, Should be Dismissed*.

To the extent, if any, Plaintiff sues Mike Griffis in his official capacity, such claims are, "in all respects other than name, to be treated as a suit against the entity," here, Ector County,

Texas. *See Kentucky v Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (lawsuit against official in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity"). As such, the claims asserted against Mike Griffis as "Ector County Sheriff" or in his official capacity, should be dismissed and the Court should analyze such claims as asserted against Ector County.

### 4. The Section 1983 Claims Against the County, If Any, Should Be Dismissed.

To the extent the Court construes Plaintiff's claims as involving "episodic acts", these claims should be dismissed. To state a claim against Ector County, Texas, Plaintiff must allege facts demonstrating that the County, as a policy maker, created an official policy or custom that was the moving force of the alleged violations. *See Hampton Co. Nat'l Surety, LLC v. Tunica Co.*, 543 F.3d 221, 227 (5th Cir. 2008). There is no vicarious liability under Section 1983. *See Monell v Dept. of Soc. Servs. Of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under [Section 1983] for an injury inflicted solely by its employees or agents."). Dismissal is proper as to any alleged claim for denial of care. Regardless of whether the Court characterizes the claim as a denial of basic needs, hygiene, or some unspecified medical or dental care, Plaintiff's complaint fails to contain ***any*** facts demonstrating that the alleged injuries were the result of an official custom or policy. *See, e.g.*, *Roque v. AT & T, Inc.*, 558 Fed. Appx. 480, 481 (5th Cir. 2014) (affirming 12(b)(6) dismissal where complaint "contains no facts showing that defendants violated" statutes at issue). Accordingly, the claims against the County, if any, should be dismissed.

### 5. Plaintiff's Toothbrush Claim Fails to State a Claim for Relief.

To the extent the Court construes Plaintiff's claims as involving "conditions of confinement", Plaintiff's claims should be dismissed. Plaintiff claims he was given a "dog brush" for a toothbrush. While the Constitution "forbids deprivation of the basic elements of hygiene",

5

see *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983), "jails must provide only reasonably adequate hygiene and sanitation conditions" *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)). Defendants understand Plaintiff's complaint is not that he was denied a means by which to brush his teeth, but that he was unsatisfied with the toothbrush provided. This fails to state a claim for relief.

Minor restrictions to hygiene or sanitation, even if unpleasant, do not amount to a constitutional violation. *Johnson v. Tex. Bd. of Criminal Justice*, 281 Fed. Appx. 319, 322 (5th Cir. 2008) ("In their totality, while Johnson's allegations describe uncomfortable conditions of confinement, they do not allege that he was deprived of a minimum measure of life's necessities. mum measure of life's necessities."). Courts routinely dismiss such "hygiene" claims where basic sanitation or needs are met, just not to the inmate's liking. *See, e.g*, *Ruiz v. LeBlanc*, 643 Fed. Appx. 358, 361-62 (5th Cir. 2016) (no violation when inmate was initially provided, and could have purchased, additional toothpaste); *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983) (denial of soap and towels in isolation cell not a violation when running water was provided in generally sanitary conditions); *Carter v. Huibregtse*, 09-CV-464-BBC, 2009 WL 3761963, at *1–2 (W.D. Wis. Nov. 6, 2009) (dismissing complaint as vague that merely alleges "[t]hey're freezing me in this cell, I have no comb, brush, tooth paste, adequate tooth brush, shoes, socks, clean clothes, toilet paper, soap, they're denying me law library access, taking my moms, sons, daughters [sic] mail, everything you can imagine"); *Abdul-Wadood v. Wright*, 3:94CV0127 AS, 1995 WL 905228, at *2 (N.D. Ind. Jan. 24, 1995), aff'd, 85 F.3d 631 (7th Cir. 1996) (dismissing claim for "shortened" toothbrush). Even a ***complete*** denial of necessary items for a few days may not support a claim for relief. *See, e.g.*, *Johnson v. Kelly*, CIV.A.H-02-0344, 2007 WL 1849001, at *11 (S.D. Tex. June 25, 2007) (citing *Morris v. Powell,* 449 F.3d 682, 686 (5th Cir. 2006) for the proposition that a

denial for a few short days "do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim"). Plaintiff's toothbrush claim should be dismissed.

### 6.     *Plaintiff's "Cold Meal" Claim Fails to State a Claim for Relief.*

Similarly, Plaintiff's complaint that he was provided three "cold" meals fails to state a claim for relief. While an inmate has the right to be provided well-balanced meals that are sufficient to maintain his health and well-being, *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996), a deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the "minimal civilized measure of life's necessities." *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998). Plaintiff's burden is to allege facts that show the defendant provided him with food that endangers his health and was acting with deliberate indifference. *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). It must be alleged that the defendant knew of the inmate's condition and disregarded it. *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009). Here, Plaintiff fails to identify any injury or a denial of life's necessities. Instead, he merely complains that the meals were cold. This fails to state a claim for relief.

"[T]here is no clearly established federal law guaranteeing prison inmates hot meals." *Beshere v. Peralta*, SA-15-CA-1119-RP, 2016 WL 3129312, at *9–10 (W.D. Tex. June 2, 2016) (citing cases). Plaintiff's complaint that his meals were cold and not hot fails to state a claim. *Id.* (denying claim over prison providing "sack" lunches). Moreover, Plaintiff alleges no specific facts showing the quantity or nutritional value of the meals he has been served during his period of incarceration, and he fails to allege any diet-related maladies or illnesses. *See id.* Plaintiff's mere preference to have a hot meal as opposed to a "cold" meal fails to state a claim for relief.

### 7. *Plaintiff's Overpriced Commissary Item Claim Fails as a Matter of Law*

Plaintiff's complaint that certain unspecified commissary items were overpriced fails to state a claim as a matter of law. "Numerous courts that have considered claims like [Plaintiff's] that prices of prison commissary items are too high [and] have held that such allegations fail to state a claim of violation of constitutional rights cognizable under Section 1983. *Boyd v. Lasher*, CIV.A. 09-7641, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010).[1] "The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible." *Montgomery v. Mancuso*, CIV.A. 12-2510, 2013 WL 4590436, at *3 (W.D. La. Aug. 28, 2013) (citing *Grice v. Blanco,* No. 07–0617, 2007 WL 2908826, at *13 (W.D.La. Jul. 18, 2007) (unpublished)). An "overpriced" commissary claim is a nonstarter.

### 8. *Plaintiff's State Law Tort Claims, If Any, Should Be Dismissed.*

To the extent Plaintiff asserts state law tort claims against Defendants, these claims should be dismissed. Plaintiff sues both Ector County and its officer (Mike Griffis) for allegedly the same acts. "[A]ny tort claim against the government is brought 'under' the [Texas Tort Claims] Act for purposes of section 101.106, even if the Act does not waive immunity." *Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011). Where "a suit is filed under this chapter [Tex. Civ. Prac. & Rem. Code § 101.106] against both a governmental unit and any of its employees, the employees *shall immediately be dismissed* on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e) (emphasis added). *University of Tex. Health Sci. Ctr. v. Rios*, 542 S.W. 3d. 530, 532 (Tex. 2017) ("[I]f the Plaintiff…sues both employer and employee, Section

---

[1] Citing, as examples, *McCall v. Keefe Supply Co.,* 71 Fed. Appx. 779, 2003 WL 21716435, at *1 (10th Cir.2003); *Tokar v. Armontrout,* 97 F.3d 1078, 1083 (8th Cir.1996); *French v. Butterworth,* 614 F.2d 23, 25 (1st Cir.1980); *Armstrong v. Broadus,* No. 1:08CV225HSO-JMR, 2009 WL 3805552, at *9 (S.D.Miss. Nov. 6, 2009); *Brown v. Gulash,* No. 07-cv-370-JPG, 2009 WL 2144592, at *5 (S.D.Ill. July 16, 2009); *Byrd v. L.C.S. Corr. Servs., Inc.,* No. 07-0029, 2007 WL 2156583, at *10 (W.D.La. Apr. 27, 2007) (Methvin, M.J.).

101.106(e) requires that the employee 'immediately be dismissed on the employer's motion'"). Texas law does not allow a plaintiff to cure or change an election once the election of remedies is made. *See, e.g.*, *City of Webster v. Myers*, 360 S.W.3d 51, 58 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (holding that the original pleading, and not an amended pleading, is examined to determine whether claims are dismissed under section 101.106(e)); *id.* at n.4 (citing *Villasan v. O'Rourke,* 166 S.W.3d 752, 762 (Tex. App.—Beaumont 2005, pet. denied), for the proposition that "amending [a] petition does not avoid mandatory language of section 101.106(e) when dismissal of [a] government employee is appropriate based on [the] original petition").

To the extent Plaintiff asserts state law tort claims, such claims have been alleged against both Ector County and its employee Mike Griffis.[2] When a plaintiff sues both the governmental unit and the employee, the claim becomes subject to the election of remedies provision of the Texas Tort Claims Act. *See Koseoglu*, 233 S.W.3d at 844. Ector County (or Mike Griffis in his official capacity) moves to dismiss all state law claims asserted against Mike Griffis in his individual capacity. As such, the state law claims against Mike Griffis, if any, are barred and must be dismissed. Tex. Civ. Prac. & Rem. Code § 101.106(e).

To the extent any state law tort claims remain as to Ector County, these claims should be dismissed. Ector County is not subject to suit under state law absent a waiver of immunity. *See Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W. 3d. 653, 655 (Tex. 2008). The Texas Tort Claims Act provides a limited waiver of immunity for injuries arising from (1) the use or operation of a motor-drive vehicle or equipment; or caused by (2) a condition or use of tangible personal or

---

[2] A plaintiff suing under Texas law may sue a government employee in his or her official capacity, individual capacity, or both. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 373 n. 7 (Tex. 2009). Tort claims asserted against a government employee in the employee's official capacity is a suit against the governmental entity, here, Ector County. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007).

9

real property. *See, e.g.*, Tex. Civ. Prac. Rem Code § 101.021. Plaintiff's alleged injuries do not arise out of a use or operation of a motor-driven vehicle, a condition of real property, or use of tangible personal property. Instead, Plaintiff's claims are ones of "deprivation", a failure to provide something desired (a preferred toothbrush, hot meals, lower priced commissary items). These allegations fail to demonstrate that immunity has been waived for this claim. In short, Plaintiff fails to establish that his claims fall under one of the enumerated exceptions to the Tort Claims Act. As such, there is no waiver of immunity for such claim. Moreover, Texas law has no statutory equivalent to a claim asserted 42 U.S.C. § 1983. *See, e.g.*, *Harris County v. Going*, 896 S.W.2d 305, 309 (Tex. App.—Houston [1st Dist.] 1995, writ denied). As such, Plaintiff's state law tort claims asserted against Defendants, if any, should be dismissed.

## II.
## DEFENDANTS' OPPOSITION TO OPPORTUNITY TO AMEND

Defendants respectfully request the Court to dismiss Plaintiff's complaint without providing Plaintiff an opportunity to amend. Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998) (per curiam)). However, granting leave to amend is not required where a plaintiff has already pleaded his "best case". *Id.* Courts routinely deny motions to amend where any amendment is futile for failure to state a claim on which relief is sought. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014). Such is the case here.

The opportunity for Plaintiff to add additional facts will not transform meritless claims into ones with merit. Courts routinely deny claims for "overpriced commissary items" or for the provision of "hygiene" products and "meals" that do not meet an inmate's personal preference. Plaintiff's preference for hot meals, lower priced commissary items, or a different toothbrush do

not state a claim for relief. Additional facts clarifying who was involved, what type of toothbrush/meal/commissary items are at issue, and when the alleged deprivations occurred will not change his claims into ones with merit. Moreover, Plaintiff gives no indication that he did not already plead his best case when he chose to file his complaint in the Justice Court. *Brewster*, 587 F.3d at 767. Defendants request that the Court exercise its discretion and deny Plaintiff the opportunity to amend.

## III.
## CONCLUSION

For each of the reasons stated herein, the Court should grant Defendants' Rule 12(b)(6) Motion to Dismiss and dismiss each of Plaintiff's claims asserted against Defendants with prejudice. Defendants request for such and further relief, in law and in equity, both general and specific, to which he may show himself to be justly entitled.

Respectfully Submitted,

By: /s/ *R. Layne Rouse*
    R. LAYNE ROUSE
    State Bar No. 24066007
    lrouse@shaferfirm.com

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
Telephone: (432) 332-0893
Facsimile: (432) 333-5002

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document is being served on this 30th day of December, 2020, to the complainant in accordance with Federal law.

    /s/ R. L*ayne Rouse*
    R. Layne Rouse