UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

FRANK LONGORIA GARCIA §
§
vs. § NO: MO:20-CV-00295-DC
§
MIKE GRIFFIS, ECTOR COUNTY, TEXAS §

**ORDER**

Defendants have filed a Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [docket number 2]. Having reviewed this motion, the Court believes that Defendants' Motion to Dismiss should be treated for all purposes as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**I. Notice Pursuant to Rules 12(d) and 56(e)**

Pursuant to Rules 12(d) and 56(e) of the Federal Rules of Civil Procedure, the parties are hereby notified that the Court will treat Defendants' Motion to Dismiss as a motion for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure.[1]

**II. Summary Judgment Procedure and Proof**

As Plaintiff is proceeding pro se, the Court will, in the interest of justice, provide a short explanation to Plaintiff regarding the standard for summary judgment in this case and allow Plaintiff an opportunity to respond to the motion. *See Barker v. Norman*, 651 F.2d 1107, 1128–29 (5th Cir. 1981) ("When summary judgment is inappropriate because the supporting or opposing materials are improper, the district court has ample discretion to call upon the parties to remedy the defects, by submitting affidavits or otherwise." (citation omitted)).

---

[1] Rule 56(e) of the Federal Rules of Civil Procedure permits a court to grant summary judgment in favor of a party that did not request it, but only upon proper notice to the adverse party. *NL Industries, Inc. v. GHR Energy Corp.*, 940 F.2d 957, 965 (5th Cir. 1991).

Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[2] The evidence must be viewed in the light most favorable to the non-moving party. *TIG Specialty Ins. Co. v. Pinkmonkey.com, Inc.*, 375 F.3d 365, 369 (5th Cir. 2004).

The Court must evaluate the evidence offered by the party who filed the motion for summary judgment (the "moving party" or "movant") and the party who opposes the motion (the "adverse party" or "non-movant") to determine whether the evidence raises a material fact question which is genuine. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510 (1986). If genuine issues of material fact exist, the motion must be denied. Once the movant has met its burden of showing the Court, with evidence or simply by pointing to the pleadings, that there is no genuine issue of material fact on a dispositive issue, the non-movant must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). That is, the non-movant cannot merely rest on the allegations in its complaint. *See International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992); *see also Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (1996) ("[P]leadings are not summary judgment evidence."). Furthermore, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Id.* (citation omitted).

In deciding whether to grant summary judgment, the court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. *See International Shortstop*, 939 F.2d at 1263. "The standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a

---

[2] Effective December 1, 2010, Federal Rule of Civil Procedure 56 has been amended, and the summary judgment standard is now reflected in Rule 56(a). The amended Rule 56 contains no substantive change to the summary judgment standard. Therefore, the Court cites to the amended rule.

rational trier of fact could find for the non-moving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986)).

**III. Conclusion**

It is therefore **ORDERED** that Defendants shall file on or before February 5, 2021, any additional summary judgment evidence Defendants wish the Court to consider in ruling upon Defendants' motions.

It is further **ORDERED** that Plaintiff shall file on or before March 5, 2021, a response with the Clerk of the Court, in which he will present what arguments and competent summary judgment evidence he has to controvert or disprove the matters alleged in Defendants' motion.

It is so **ORDERED.**

**SIGNED this 6th day of January, 2021.**

DAVID COUNTS
UNITED STATES DISTRICT JUDGE