IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS MIDLAND-
ODESSA DIVISION

| | | |
|---|---|---|
| FRANK LONGORIA GARCIA | § | |
| | § | |
| VS. | § | |
| | § | CAUSE NO. 7:20-CV-00295 |
| ECTOR COUNTY SHERIFF MIKE | § | |
| GRIFFIS, ECTOR COUNTY LAW | § | |
| ENFORCEMENT CENTER (JAIL) | § | |

## DEFENDANTS' SUPPLEMENT IN SUPPORT OF THEIR CONVERTED MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Mike Griffis and Ector County, Texas, incorrectly named Ector County Law Enforcement Center (Jail) (collectively "Defendants") and file this Supplement in Support their Converted Motion for Summary Judgment. In the support hereof, Defendants would respectfully show the Court as follows:

## I.
## EVIDENCE

In addition to the reasons discuss in the Defendants' Motion to Dismiss, the summary judgment evidence before the Court demonstrates that a dismissal is proper. In further support of the Ector County Defendants' request for dismissal, these defendants submit the following in support of their Converted Motion for Summary Judgment:

1. Business Records Affidavit of Lt. James McKinney;

1A. Plaintiff's Booking Records, including Plaintiff's Executed "Jail Rules" Form;

1B. Plaintiff's Inmate Request and Grievance Records;

1C Plaintiff's Medical Records; and

1D Ector County Detention Center's Information Sheet on Fingertip Toothbrushes Commonly Issued to Inmates.

1

# II.
# STANDARDS

## A. Pre-Suit Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that prisoners desiring to sue must first exhaust available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) ("'exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'") (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Section 1997e(a) of the PLRA states that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). As an affirmative defense, the defendant bears the burden to prove a failure to exhaust. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

## B. Medical Care Claims

"[P]retrial detainees have a constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference on the part of the confining officials." *Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001)

(internal citation omitted).[1] Deliberate indifference means that: "(1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates the official subjectively intended that harm to occur." *Id.* at 458–59.

"[A]ctual knowledge is critical to the inquiry. A state actor's failure to alleviate 'a significant risk that he should have perceived but did not' . . . does not rise to the level of deliberate indifference." *McClendon v. City of Columbia*, 305 F.3d 314, 326 n.8 (5th Cir. 2002). Moreover, deliberate indifference "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Upshur Cty.*, 245 F.3d at 459. Instead, deliberate indifference is a "stringent standard of fault." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). Moreover, "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir. 2006).

To establish a claim for such violation, the prisoner must also show the improper procedure or delay in treatment caused substantial harm. *Grant v. Collins*, 3 F.3d 439 (5th Cir. 1993) (holding "[b]ecause [the prisoner] failed to establish any resulting substantial harm occasioned by the alleged neglect, his claim has no arguable legal basis"); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm.*" (emphasis added)); *see also Flores v. Jaramillo*, 389 Fed. Appx. 393, 395 (5th Cir. 2010) (holding same as to pretrial detainee's Fourteenth Amendment rights). When the alleged harm caused is a medical condition,

---

[1] The Fourteenth Amendment confers to pretrial detainees the same rights to medical care as those conferred by the Eighth Amendment to convicted prisoners. *Brown v. Bolin*, 500 Fed. Appx. 309, 318 (5th Cir. 2012) (citing *Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996)).

3

courts require the prisoner to provide more than a self-diagnosis or personal opinion to demonstrate a causal nexus between the violation and the substantial harm. *Webb v. Davis*, 6:17CV624, 2018 WL 1061342, at *3 (E.D. Tex. Feb. 26, 2018) (citing cases) ("[A] prisoner's self-diagnosis alone will not support a medical conclusion.").

### III.
### ARGUMENTS AND AUTHORITIES

Plaintiff's claims should be dismissed. Plaintiff's complaint is the Ector County Sheriff or "Jail" gave Plaintiff a "dog brush" for a toothbrush, denied all medical or dental care, provided three "cold" meals instead of his preferred hot meals, and overcharged unspecified commissary items fails to state a claim for relief. Doc. No. 1-4. As demonstrated by the motion to dismiss, none of these allegations assert a claim for relief. The summary judgment evidence confirms the claims are without merit.

### A. Plaintiff Failed to Exhaust His Administrative Remedies

A summary judgment is proper because the summary judgment evidence confirms that Plaintiff, proceeding *pro se* and *in forma pauperis*, did not exhaust his administrative remedies as to *any* of his claims. As a detainee proceeding *in forma pauperis*, Plaintiff's claims are subject to the Prisoner Reform Litigation Act under 42 U.S.C. § 1997e. 42 U.S.C. § 1997e(a) states that no action by a prisoner confined in any jail shall be brought "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted. *Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012).

The summary judgment evidence demonstrates that Plaintiff failed to exhaust his administrative remedies concerning any of his complaints. Plaintiff received a copy of the jail rules requiring him to file grievances to assert alleged violations of his civil rights *See* Ex. 1.; E-

4

A. Despite this, Plaintiff never filed a request or grieved regarding his toothbrush, a refusal of medical or dental care, the temperature of his meals, or the price of commissary items. Ex. 1; Ex. 1-B. Plaintiff made several inquiries whether he could receive free commissary items, a request that was denied, but not appealed. Ex. 1-B. Based on the evidence before the Court, Plaintiff failed to exhaust his administrative remedies. Plaintiff's complaint should be dismissed.

### B. Plaintiff's Failure to Receive Dental/Medical Care Claim Should Be Dismissed.

In his complaint, and immediately following his "dog brush" claim, Plaintiff claims he received no medical or dental care because such care is only provided when there is an emergency. A dismissal is proper on its face because the allegation is conclusory and fails to state a claim for relief. *See, e.g.*, *Rodriguez v. S. Health Partners, Inc.*, 3:20-CV-0045-D, 2020 WL 7056336, at *8 (N.D. Tex. Dec. 2, 2020) (holding inmate's failure to state a claim by alleging "repeated refusal" to provide inmate with outside care and alleging the County had a policy of not allowing inmates to seek hospital treatment unless there was a medical emergency). Moreover, the summary judgment evidence shows this to not be true. Based on Plaintiff's medical records, Plaintiff received medical *and* dental care. Ex. 1-C. On December 14, 2020, Plaintiff requested what he needed to do to seek medical attention, and he received a response from the medical health provider regarding how to make a medical request. Ex. 1-B (December 14, 2020 Request). Because Plaintiff received medical and dental care, his claim that he received "no" care should be denied.

### C. Plaintiff's "Dog-Brush" Claim Should Be Dismissed.

For the reasons discussed in Defendants' motion to dismiss, Plaintiff's "dog-brush" claim fails as a matter of law. The summary judgment evidence confirms the claim should be dismissed. The Ector County Detention Center issues finger toothbrushes as a measure of security. Ex. 1; Ex. 1-D. Unlike regular toothbrushes, finger toothbrushes are not easily turned into weapons to inflict

5

self-harm or harm against others. Ex. 1; Ex. 1-D. Courts recognize that inmates have been known to weaponize toothbrushes. *Jason v. Tanner*, 938 F.3d 191, 198–99 (5th Cir. 2019), cert. denied, 140 S. Ct. 1305, 206 L. Ed. 2d 381 (2020) (noting "many prisoners have devised many creative ways to injure someone—shanks, toothbrush shivs, ruler shivs, ladle shivs, tightly-rolled-newspaper spears (successfully used to kill a guard in 1985), or broken black binder clips." (internal citations omitted)). To the extent Plaintiff's complaint is the issuing of finger toothbrushes violated his civil rights, Plaintiff's complaint fails as a matter of law.

## III.
## CONCLUSION

For each of the reasons stated herein, the Court should grant Defendants' converted motion for summary judgment and dismiss each of Plaintiff's claims asserted against Defendants with prejudice. Defendants request for such and further relief, in law and in equity, both general and specific, to which he may show himself to be justly entitled.

Respectfully Submitted,

By: /s/ *R. Layne Rouse*
 R. LAYNE ROUSE
 State Bar No. 24066007
 lrouse@shaferfirm.com

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
Telephone: (432) 332-0893
Facsimile: (432) 333-5002

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document is being served on this 4th day of February, 2020, to complainant in accordance with Federal law.

                                                         */s/ R. Layne Rouse*
                                                        R. Layne Rouse