UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| FRANK LONGORIA GARCIA | § | |
| | § | |
| vs. | § | NO: MO:20-CV-00295-DC |
| | § | |
| MIKE GRIFFIS, ECTOR COUNTY, TEXAS | § | |

**<u>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Before the Court are Defendants' Motion to Dismiss and Motion for Summary Judgment. [docket numbers 2 & 4, respectively]. On January 6, 2021, the Court issued an Order that the Defendants' Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss would be treated as a Motion for Summary Judgment pursuant to Rule 56 and gave both sides an opportunity to submit additional evidence in support. [docket number 3]. On February 4, 2021, Defendants filed their Supplement to their Converted Motion for Summary Judgment. [docket number 4]. Plaintiff never filed a reply to Defendants' Motion for Summary Judgment or asked for additional time in which to do so (and the time in which to reply has passed); therefore, Defendants' Motion for Summary Judgment is unopposed. [*See generally* docket]. At this point, the Court may grant the Motion for Summary Judgment as unopposed. *See* Local Rule CV-7(e). Nonetheless, the Court has considered the case on its merits. After due consideration, the Court grants Defendants' Motion for Summary Judgment. [docket number 4].

**I.    §1983 claims in general**

Section 1983 creates a private right of action to redress the violation of federal law by those acting under color of state law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. §1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *accord Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir. 1985); *Carbonell v. La. Dep't of Health & Human Resources*, 772 F.2d 185, 188 (5th Cir. 1985).

To prevail on a §1983 claim, the plaintiff must prove that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *See* 42 U.S.C. §1983; *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984). Plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir. 1986); *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985).

The plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference — not the result of mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels*, 474 U.S. at 328; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The negligent deprivation of life, liberty, or property is not a constitutional violation. *See Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992);

*Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989); *Simmons v. McElveen*, 846 F.2d 337, 339 (5th Cir. 1988); *Young*, 775 F.2d at 1353. Moreover, to hold a defendant liable under §1983, the plaintiff must adduce facts demonstrating the defendant's participation in the alleged wrong. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez*, 801 F.2d at 793.

## II. *Pro se* pleadings

Allegations made in a *pro se* complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To hold a *pro se* plaintiff to strict compliance "would be inequitable" as courts would punish a *pro se* plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed." *Id*. Even though pleadings by a *pro se* litigant are held to a less stringent standard, courts must be able to draw the reasonable inference from the pleadings that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))). Courts should not dismiss a *pro se* complaint without "providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale*, 642 F.3d at 503. This Court finds having filed a detailed initial Complaint, and having not sought to leave to amend, Plaintiff has pleaded his best case.

## III. Summary judgment standard of review

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is

appropriate in any case where the critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). However, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party moving for summary judgment bears the initial burden of identifying those portions of the summary judgment evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. Once the moving party has satisfied this burden, the non-moving party must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file, set forth specific facts showing a genuine issue for trial. *Id.* at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986).

Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little*, 37 F.3d at 1075 (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322; *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 324

(5th Cir. 1997). "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may...consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the non-movant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### IV. Background and procedural history

On December 3, 2020, Plaintiff Frank Longoria Garcia, an inmate at the Ector County Law Enforcement Center, filed his Original Petition in the Justice Court, 4th Precinct, Ector County, Texas, styled *Frank Longoria Garcia v. Ector County Sheriff Mike Griffis, Ector County*

*Law Enforcement Center (Jail)*,[1] Cause No. 13927-SC. Plaintiff sought $20,000 in damages for cruel and unusual punishment. Defendants timely removed the state court action to this Court based on federal question jurisdiction. [*See generally* docket number 1].

Plaintiff's complaint is that the Ector County Sheriff and the Ector County Law Enforcement Center gave him a "dog brush" for a toothbrush, denied him all medical or dental care, provided three "cold" meals instead of his preferred hot meals, and overcharged him on unspecified commissary items. [docket number 1-4 at 5]. Significantly, as alleged by Defendants and unrebutted by Plaintiff, he has failed to exhaust administrative remedies in regard to this §1983. [docket number 4].

V. **Failure to exhaust**

Defendants argue that Plaintiff's §1983 is subject to dismissal because he did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The PLRA provides that prisoners wishing to sue must first exhaust available administrative remedies before filing a lawsuit. *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) ("'exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'") (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Specifically, §1997e(a) of the PLRA states that, "[n]o action shall be brought with respect to prison conditions under [42

---

[1] While Plaintiff initially sued the Jail itself, when the case was removed, Ector County was substituted for Ector County Law Enforcement Center by Defendants. This is because "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. §1983." *Castillo v. Blanco*, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); *see also Francis v. United States*, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n. 4 (E.D. La. Aug. 13, 2007); *Martinez v. Larpenter*, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989); *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976). The Court finds no law, constitutional, statutory, or otherwise, that defines a jail or any unit or department therein to be a person with the capacity to sue or to be sued. A county jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998).

U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because exhaustion is an affirmative defense, Defendant bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The Ector County Law Enforcement Center apparently has a two-step procedure for grievances that allow an inmate to appeal grievances directly to the Ector County Law Enforcement Center with the date, time, names of people involved, and details of the incident. If unsatisfied with the results thereof, Plaintiff may then appeal to the Sheriff or the Sheriff's designee. Plaintiff neither filed initial grievances concerning his varied complaints, nor did he ever appeal directly to Sheriff Griffis or his designee. [docket number 4-2]. Plaintiff never even alleged in his Complaint that he exhausted or attempted to exhaust his administrative remedies and does not now argue that doing such would have been futile. A prisoner must pursue a grievance through both steps for it to be exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 214–15 (2007). Strict compliance with §1997e(a) is required in this Circuit. *Days*, 322 F.3d at 866. Although a prisoner's failure to exhaust his administrative remedies "does not deprive courts of subject matter jurisdiction[,]" the exhaustion requirement is a "rule of judicial administration"

which limits "access to the courts [.]" *Dillon*, 596 F.3d at 271–72 (citations omitted). Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time[.]" *Id.* at 272. It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.* Moreover, exhaustion after suit has been filed is not sufficient. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

As the *Gonzalez* Court noted:

> . . . District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

The extensive summary judgment evidence[2] provided by Defendants demonstrates that Plaintiff failed to exhaust his administrative remedies concerning his complaint of having a "dog brush" for a toothbrush,[3] being denied all medical or dental care,[4] being provided three "cold" meals instead of his preferred hot meals, and having been overcharged on unspecified commissary items. All of Plaintiff's inmate requests were provided to the Court, and none of

---

[2] A total of 39-pages of documents were supplied by Defendants, which represented dozens of grievances and requests filed by Plaintiff while incarcerated at the Ector County Law Enforcement Center, none of which addressed the exact subject-matter of the complaints made in his §1983. [docket number 4-4].

[3] According to Defendants' unrebutted Summary Judgment evidence, the "dog brush" at issue is simply a "patented one-size-fits-all fingertip toothbrush," created to eliminate the possibility of shanking at issue with a standard toothbrush. [docket number 4-6].

[4] Additionally, the Court would note that Defendants have provided 36-pages of records detailing Plaintiff's extensive medical care while incarcerated, utterly rebutting his claim of being denied *all* medical and dental care. [docket number 4-5].

them raise these issues. Based on the evidence before the Court, Plaintiff has failed to exhaust his administrative remedies.

Plaintiff has failed to adequately respond to Defendants' Motion for Summary Judgment, or otherwise meet his burden in demonstrating that administrative remedies were unavailable or inappropriate, or that pursuing them would have been futile. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (to be excused from the exhaustion requirement, the prisoner must demonstrate that administrative remedies were "unavailable or wholly inappropriate," or that it would be "patently futile" to pursue them). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Plaintiff has not raised any valid excuses for failing to exhaust his available administrative remedies before filing the complaint in this case. In light of the statutory mandate of §1997e(a), this Court should dismiss Plaintiff's complaint without prejudice for failure to exhaust administrative remedies. *See Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002) (dismissing without prejudice for failure to exhaust administrative remedies under §1997e(a)); *Scott v. Graham*, 54 F. App'x 405 (5th Cir. 2002) (unpublished per curiam) (same). Plaintiff's Complaint is, therefore, dismissed without prejudice for failure to exhaust administrative remedies.

## VI. State law claims

To the extent Plaintiff has any remaining state law claims, the Court dismisses these under 28 U.S.C. §1367. Since this Court no longer has original jurisdiction because it has already dismissed the federal claims, supplemental jurisdiction over state law claims should be declined. This is also true because of the interests of judicial economy, convenience, and fairness will be served by declining to exercise supplemental jurisdiction over any state law claims.

In this circuit, the general rule is to decline the exercise of supplemental jurisdiction when all federal claims are dismissed or eliminated prior to trial. *See Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, this rule is neither mandatory nor absolute. *See id.* Rather, the Fifth Circuit reviews a district court's decision to decline supplemental jurisdiction for an abuse of discretion. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 226 (5th Cir. 1999); *see also Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998) ("[D]istrict court has wide discretion"). Given that wide discretion, this Court will decline to exercise supplemental jurisdiction over any remaining state law claims as all federal claims over which this Court had original jurisdiction have already been dismissed for failure to exhaust.

## VII. Conclusion

The Court therefore grants Defendants' Motion for Summary Judgment and dismisses without prejudice all of Plaintiff's claims against them for failure to exhaust administrative remedies. Additionally, any pending state law claims are also dismissed without prejudice.

It is so **ORDERED**.

SIGNED this 11th day of March, 2021.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE